In re Christian George DREHSEN, a/k/a Christian G. Drehsen, M.D., a/k/a Christian George Drehsen, M.D., Debtor.

BANK OF ST. PETERSBURG, Plaintiff,

v.

Christian George DREHSEN, M.D., Defendant.

Bankruptcy No. 93–11759–8P7.
Adv. No. 94–100.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 4, 1996.

Paul F. Probst, Jr., Saint Petersburg, FL, for Plaintiff.

Alberto F. Gomez, Jr., Domenic L. Massari, III, Tampa, FL, for Defendant.

## AMENDED ORDER ON MOTION PURSUANT TO FED.R.CIV.P. 59 REGARDING FINAL JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this Chapter 7 case of Christian George Dreshen, M.D., (Debtor) creates a unique issue presented by the Debtor, who filed the Motion Pursuant to Fed.R.Civ.P. 59 Regarding Final Judgment. The relief sought by the Debtor is in fact a request addressed to this Court to reconsider the Final Judgment heretofore entered in this adversary proceeding which determined that the debt, owed by the Debtor to the Bank of St. Petersburg (Bank), is a nondischargeable debt by virtue of § 523(a)(2)(B) of the Bankruptcy Code. In order to illustrate the uniqueness of the relief sought, a brief recap of the relevant

portion of the procedural history of this litigation should be helpful.

This litigation commenced with the Complaint filed by the Bank pursuant to § 523(c). The Bank in Count I of its Complaint sought an Order denying the Debtor the benefits of the general bankruptcy discharge. This Count was dismissed by this Court along with other Counts, and the Bank's claim based on § 523(a)(2)(B) was ultimately tried. On March 22, 1995, this Court entered its Findings of Fact, Conclusions of Law and its Memorandum Opinion and determined that the debt owed by the Debtor to the Bank was nondischargeable. Unfortunately through oversight, no Final Judgment was entered. Notwithstanding the absence of the Final Judgment, the Debtor filed a Notice of Appeal and, surprisingly, the District Court affirmed this Court's determination that the debt was non-dischargeable.

To further complicate the matter, the Debtor filed a Notice of Appeal with the Eleventh Circuit Court of Appeals even though the District Court equally failed to enter an actual Final Judgment. The Eleventh Circuit, having realized the absence of a Final Judgment, remanded the matter to the District Court for the entry of a Final Judgment. The District Court, rather than enter a Final Judgment, remanded the matter back to this Court with direction to enter a Final Judgment. In compliance with this mandate, this Court did finally enter the one and only Final Judgment in this adversary proceeding on July 17, 1996, based on the Findings of Fact, Conclusions of Law and Memorandum Opinion entered by this Court at the conclusion of the trial, and determined that the debt owed by the Debtor to the Bank was nondischargeable.

This is the procedural background of this convoluted litigation in which the Debtor now asks this Court to reverse its original Findings of Fact and Conclusions of Law, even though this Court's determination of the issue of dischargeability was already affirmed and found to be correct by the District Court more than a year ago.

The Debtor's Motion is filed pursuant to Fed.R.Civ.P. 59, as adopted by F.B.R.P. 9023, and is based on the Debtor's contention that The Final Judgment contains a minor technical defect regarding the Statute referenced in Count III of the Complaint; that the Bank failed to present evidence sufficient to sustain this Court's Findings and ruling; and that fundamental fairness and equity require reconsideration because dual representation by the law firm precluded any finding of reasonable reliance.

It appears from the foregoing that regardless of the ultimate merits of these contentions, this Court is constrained to reject them because to consider them would in effect require this Court to find that the District Court erred in affirming this Court's Findings and Conclusions of Law. Under the current allocation of jurisdiction between the District Courts and Bankruptcy Courts, § 28 U.S.C. § 1334(a), (b) and (c), and § 157(a) of the Code, this would not be permissible and proper.

Accordingly, it is

ORDERED ADJUDGED AND DE-CREED that the Debtor's Motion Pursuant to Fed.R.Civ.P. 59 Regarding Final Judgment, as adopted by F.R.B.P. 9023 be and the same is hereby denied.